IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CR 111-359 |
| JAMIE CEJA | * | |

**O R D E R**

Before the Court is Defendant Jamie Ceja's <u>pro se</u> motion for return of property (doc. no. 97) and motion for summary judgment (doc. no. 102), which the Court construes as a reply to the Government's response to Defendant's motion for return of property. For the reasons stated herein, the motion for return of property (doc. no. 97) is **DENIED,** and the motion for summary judgment (doc. no. 102) is **TERMINATED.**

## I. BACKGROUND

On August 20, 2011, law enforcement officers arrested Defendant in North Augusta, South Carolina, during a Drug Enforcement Agency operation. On July 11, 2012, a jury found Defendant guilty of drug related offenses, and the Court sentenced him to 327 months in prison. (Doc. nos. 67, 84.) On September 30, 2014, Defendant filed this motion requesting the return of $16,950 in United States currency and a blue tool box containing assorted tools which law enforcement officers

allegedly seized from him at the time of his arrest. (Doc. no. 97.) He argues that the Government must return this property to him because the forfeiture allegation was redacted from his indictment. Specifically, Defendant relies on the following excerpt from the trial transcript where the prosecutor states:

> I will redact out the forfeiture provision as well. And just for the Court and defense counsel's knowledge, we have not identified any assets that would be forfeitable. And it is unlikely, in the event of a conviction, that we will move forward with the forfeiture proceeding.

(Id.) Defendant points to this statement to support his position that he is entitled to the return of the funds. In the certificate of service, Defendant cites Federal Rule of Criminal Procedure 41(g) (governing motions to return property) as the basis for the return.

The Government responds that officers seized $11,950.00 from Defendant at the time of his arrest, not $16,950.00, and argues that Defendant is either mistaken about or falsely asserting the amount that was seized from him. (Doc. no. 100.) On January 23, 2015, the Government filed a motion to attach a D.E.A. declaration of forfeiture to its response to Defendant's motion. (Doc. no. 101.) Upon due consideration, the motion is **GRANTED**. The declaration of forfeiture states that D.E.A. agents seized $11,950.00 pursuant to 21 U.S.C. § 881 on August 20, 2011, then sent notice to all known parties who may have a legal or possessory interest in the property.

2

In accordance with 19 U.S.C. § 1607, notice of the seizure was published and no claim was filed for the property within thirty days. Therefore, the declaration continues, on December 29, 2011, the seized currency was forfeited to the United States pursuant to 19 U.S.C. § 1609. As for the tool box, the Government contends that no such item was seized from Defendant and that all seized items, except for the $11,950.00, were returned to Defendant on November 7, 2011.

On January 26, 2015, Defendant filed a motion for summary judgment which, as noted, the Court construes as a reply to the Government's response. (Doc. no. 102.) Defendant confirms that his motion for return of property relies on Rule 41(g), admits that $11,950.00, not $16,950.00, was seized from him, requests that this money be deposited into his prison account, and re-asserts that officers seized a blue tool box full of tools from him at the time of his arrest. Defendant does not allege that the Government did not notify him of the forfeiture, nor does he contend that he filed a timely claim for his property.

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides that a person aggrieved by an unlawful search and seizure may move the district court for return of the property on the ground

3

that such person is entitled to lawful possession of the property. Fed. R. Crim. P. 41(g). A Rule 41(g) motion is unavailable, however, when property is retained pursuant to administrative or civil forfeiture. See, e.g., United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999)(affirming district court denial of defendant's motion pursuant to former Rule 41(e), which is now located in Rule 41(g), to recover money retained pursuant to civil forfeiture); United States v. Coley, 180 Fed. Appx. 90, 92 (11th Cir. 2006)(affirming denial of motion for return of $15,000.00 in currency that had been subject to administrative forfeiture). Consequently, Defendant's claim is not cognizable under Rule 41(g).

The Civil Asset Forfeiture Reform Act of 2000 ("C.A.F.R.A."), codified in part at 18 U.S.C. § 983, sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. Mesa v. Valderrama, 417 F.3d 1189, 1196 (11th Cir. 2005)(quoting 18 U.S.C. § 983(e)(5)). Thus, a party seeking to challenge a nonjudicial forfeiture that falls within C.A.F.R.A.'s purview is limited to doing so under § 983(e). Id. The Court therefore liberally construes Defendant's pro se Rule 41(g) motion as a motion to set aside a forfeiture under C.A.F.R.A. See United States v. Quezada, 439 Fed. Appx. 824, 827 (11th Cir. 2011)(liberally construing a pro se Rule 41(g)

4

motion as an action brought under C.A.F.R.A.); see also Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006)("pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

Section 983, pursuant to which a claimant is entitled to judicial relief if he received inadequate notice, provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> >
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A).

In this case, Defendant does not argue that the Government failed to provide him notice. The declaration of forfeiture states that D.E.A. sent notice to all known parties who may have a legal or possessory interest in the property and that the agency published a notice of the seizure. Absent evidence or argument to the contrary, the Court finds that Defendant received notice. The declaration also states that no claim was filed for the property within thirty days from the

date of last publication of the advertisement. Defendant does not contend that he filed a claim, timely or otherwise. The Court therefore concludes that the agency followed the proper procedural safeguards. See Valderrama, 417 F.3d at 1196 (review of administrative forfeiture is limited to review of the procedure).

Though Defendant does not attack the forfeiture on procedural due process grounds, he does challenge the merits of the action and insists that his money is being unlawfully withheld from him. "Federal courts lack jurisdiction to review the merits of a forfeiture decision reached in the exercise of discretion." In re $67,470.00, 901 F.2d 1540, 1543 (11th Cir. 1990); VanHorn v. Florida, 677 F. Supp. 2d 1288, 1296 ("No jurisdiction exists to consider VanHorn's challenge to the merits of the forfeiture."). This rule has two limited exceptions. First, district courts could exercise jurisdiction when the agency refuses to consider a request that it exercise its discretion. Eubanks, 169 F.3d at 674. Here, Defendant presents no evidence that he requested D.E.A. to exercise its discretion not to forfeit the currency. Therefore, this exception does not apply.

Second, district courts could exercise equitable jurisdiction over agency forfeiture decisions. Equitable jurisdiction, though, is highly discretionary and is

appropriate only in exceptional circumstances to prevent manifest injustice. Id. Defendant has not made this showing. He argues only that the forfeiture is unlawful because the Government redacted the forfeiture count from his indictment. The redaction of a forfeiture count from a criminal indictment has no bearing on an agency's authority or discretion under civil forfeiture statutes. Having failed to show manifest injustice or extraordinary circumstances to warrant the Court's exercise of equitable jurisdiction, this exception does not apply either. See In re $67,470.00, 901 F.2d at 1544 (such jurisdiction is only appropriate in exceptional cases where equity demands intervention).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for the return of property (doc. no. 97) is **DENIED,** and his motion for summary judgment (doc. no. 102) is **TERMINATED.** The Government's motion to attach Exhibit A to its response (doc. no. 101) is **GRANTED.**

**ORDER ENTERED** at Augusta, Georgia, this 4th day of February, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia