IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 111-359 |
| | * | |
| JAMIE CEJA | * | |

# O R D E R

On October 14, 2015, this Court denied Defendant relief under 18 U.S.C. § 3582(c)(2) after a thorough review of the applicability of Amendment 782 to the United States Sentencing Guidelines. Amendment 782 amended the drug quantity tables of U.S.S.G. § 2D1.1, thus reducing the guideline range for offenders sentenced thereunder. In denying Defendant relief, the Court determined that Defendant was not eligible for a reduction because he was not sentenced under U.S.S.G. § 2D1.1 but rather as a career offender.

Presently, Defendant has filed two separate motions, one on December 11, 2015, and the other on April 21, 2016, seeking a reduction in sentence based upon Amendment 782. In consideration of his motions, the Court has once again reviewed Defendant's Presentence Investigation Report. The PSI shows that the Court did not select a guideline range from

the drug quantity tables of U.S.S.G. § 2D1.1 but determined his sentencing range under the Career Offender table located under U.S.S.G. § 4B1.1(b). Amendment 782 did not affect or amend the guideline ranges determined under U.S.S.G. § 4B1.1(b). United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (stating that § 3582(c)(2) does not authorize a reduction in sentence where the defendant's total offense level and guideline range is based on § 4B1.1 as a career offender, and not § 2D1.1, and the subsequent reduction applies to the base offense levels in § 2D1.1, but not § 4B1.1). Accordingly, Amendment 782 did not lower Defendant's offense level and he is not eligible for relief under that amendment. See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence.").

Further, to the extent that Defendant argues in his April 2016 motion that he was sentenced in excess of the applicable statutory maximum, this argument is an attack on the legality of his conviction. The proper vehicle through which to attack the legality of a conviction or sentence is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

2

Defendant has already filed a § 2255 motion which is pending in this Court. It would be procedurally incorrect for this Court to consider the legality of Defendant's motion outside the context of a properly filed § 2255 motion.

Upon the foregoing, Defendant's motions for reduction of sentence under § 3582(c)(2) (docs. 118 & 120) are hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of August, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA