IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 111-359 |
| | * | |
| JAMIE CEJA | * | |

O R D E R

Defendant Jamie Ceja was sentenced on January 16, 2013 for the offenses of (1) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and a quantity of marihuana and (2) possession with intent to distribute 500 grams or more of cocaine hydrochloride. At present, Ceja has filed a motion to reduce his sentence "based on the presidents pardon of the cannabis law." (Doc. 163, at 1.) Ceja also generally states, as far as the Court can tell, that his sentencing guidelines were improperly enhanced because of a marijuana possession conviction prior to the instant offenses.

With only three exceptions in 18 U.S.C. § 3582(c), a district court may not modify a sentence once it has been imposed. See United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under the first exception, a court may entertain a motion for release under certain extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). Because the grounds asserted by Ceja

do not fall within the categories of extraordinary and compelling circumstances listed in the applicable Policy Statement of the United States Sentencing Commission, Ceja cannot avail himself of this statute. See U.S.S.G. § 1B1.13 & n.1; United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021) (holding that district courts may not consider "other reasons" outside of the enumerated categories of § 1B1.13 to reduce a sentence). The second exception references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. This exception is not applicable. Finally, under the third exception, which is also inapplicable, a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). In short, Ceja has not demonstrated that he is entitled to relief under any of the three exceptions. To the extent that Ceja wishes to challenge the legality of his sentence, he must seek authorization from the Eleventh Circuit to file a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Finally, with respect to the recent Presidential Proclamation on Marijuana Possession issued on October 6, 2022, the Court notes

that it does not have any authority to issue a pardon.[1] Rather, the United States Attorney General will issue certificates of pardon once official procedures have been announced. The Court can offer no relief under this Presidential Proclamation at this time.

Upon the foregoing, Defendant Ceja's motion to reduce sentence (doc. 163) is hereby **DENIED**. The Clerk is directed to **TERMINATE** the Government's motion to dismiss (doc. 164).

**ORDER ENTERED** at Augusta, Georgia, this 26th day of October, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Notably, the pardon only applies to *federal* simple possession charges, not state charges or charges of conspiracy, distribution, or possession with intent to distribute. See generally United States Department of Justice, https://www.justice.gov/pardon/presidential-proclamation-marijuana-possession (last visited Oct. 25, 2022).